IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOB ALLEN CUSTARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-749-R |
| | ) | |
| | ) | |
| CLENDENING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Bob Allen Custard, a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of his constitutional rights. Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1), the Court[1] referred this matter for initial proceedings to United States Magistrate Judge Suzanne Mitchell. *See* Doc. 3. On August 8, 2018, Judge Mitchell issued an Order to Cure Deficiency, noting that Plaintiff "ha[d] neither paid the [$400] filing fee . . . nor submitted a motion for leave to proceed in forma pauperis . . . ." Doc. 4, at 1. After months of extensions to comply with the Order—both requested by Plaintiff and granted *sua sponte* by the Court—Judge Mitchell issued her Report and Recommendation (R&R), wherein she recommended that the action be dismissed without prejudice for Plaintiff's failure to pay the filing fee. *See* Doc. 8. Plaintiff has timely objected to the R&R, *see* Doc. 10, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the R&R to

---

[1] This case was originally assigned to Judge Vicki Miles-Lagrange, who referred the case to Magistrate Judge Suzanne Mitchell. On January 7, 2019, the case was reassigned to the undersigned, Judge David L. Russell. *See* Doc. 11.

which Plaintiff makes specific objection. *See* Fed. R. Civ. P. 72(b)(3). Having conducted this *de novo* review, the Court ADOPTS Judge Mitchell's R&R.

In his Objection, Plaintiff now seems to request leave to proceed *in forma pauperis*, despite stating not fewer than five times in his complaint that he was "[n]ot proceeding in forma pauperis." Doc. 1, at 8; *see also* Doc. 8, at 1–2 ("In his complaint, Plaintiff stated, 'I am not proceeding in forma pauperis. I will forthwith remit any and all court[] filing[] fees and any other fees or costs required to lodge this lawsuit . . . .' To date, Plaintiff has neither paid the filing fee ordered by this Court nor requested a further extension of time to do so.").[2] As Judge Mitchell notes in her R&R, however, Plaintiff is precluded from proceeding *in forma pauperis* absent factual allegations that he is "under imminent danger of serious physical injury." Doc. 8, at 2 (internal quotation marks omitted) (quoting *Custard v. Lappin*, 260 F. App'x 73 (10th Cir. 2008). Plaintiff seems to acknowledge this, as he spends the bulk of his objection asserting why his complaint establishes his imminent danger.

Plaintiff's request to proceed *in forma pauperis* comes too late in the day. At a base level, Plaintiff has not complied with threshold statutory and rule-based requirements for seeking leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person *who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give*

---

[2] A change of plans prompted this change of heart, says Plaintiff: he had intended to arrange for payment of the filing fee through an associate, but this intention has not come to fruition. *See* Doc. 10, at 1.

*security therefor.*" (emphasis added)); *id.* § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . .*" (emphasis added)); *see also* LCvR3.3(a)–(b). This failure is not for lack of opportunity to comply: Judge Mitchell's Order to Cure Deficiency (Doc. 4) offered Plaintiff the option of filing a motion for leave to proceed *in forma pauperis*, but Plaintiff did not avail himself of this option.

Moreover, even had Plaintiff made the necessary motion, he fails to evade the restrictions on his ability to file for *in forma pauperis* status. *See Custard*, 260 F. App'x 73. Beyond being difficult to understand (and sometimes illegible), Plaintiff's allegations in his Complaint and Objection to the R&R are largely conclusory and, more to the point, lack the forward-looking imminence demanded by the imminent-danger exception to his *in forma pauperis* restriction. *See, e.g., Lomax v. Ortiz-Marquez*, --- F. App'x ---, 2018 WL 5870555, at *3–4 (10th Cir. Nov. 8, 2018) (noting that an inmate simply alleging past physical injury by a still-employed prison guard "does not indicate any type of pattern of serious and ongoing physical harm or otherwise evidence the likelihood of *imminent danger*" (emphasis original)); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011) ("To meet [the imminent danger of serious physical injury] exception, [the inmate] was required to make specific, credible allegations of imminent danger of serious physical harm. . . . [A] prisoner must have alleged an imminent danger at the time he filed

3

his complaint. . . . Vague and utterly conclusory assertions are insufficient." (internal quotation marks, citations, and brackets omitted)).

In short, Plaintiff's complaint warrants dismissal: Plaintiff, ineligible for *in forma pauperis* status, was given months to pay the $400 filing fee, yet he has not done so. Accordingly, the Court ADOPTS Judge Mitchell's R&R in its entirety and DISMISSES this suit without prejudice.

IT IS SO ORDERED this 9th day of January, 2019.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**